UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIANA DANIELLE HIGHTOWER-BLUNT,

Plaintiff,

v.

THE DEPARTMENT OF VETERANS AFFAIRS HEALTH ADMINISTRATION,

Defendant.

Case No. 4:25-cv-03377-KAW

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT; ORDER STRIKING PLAINTIFF'S SUR-REPLY**

Re: Dkt. Nos. 47 & 50

Plaintiff Tiana Danielle Hightower-Blunt worked as a registered nurse and care manager at the Defendant VA Health Administration's Oakland, California clinic for several years. On April 16, 2025, she filed the complaint in this instant action consisting of 17 enumerated causes of action pertaining to various forms of discrimination and related tort claims. (*See* 2/13/26 Order, Dkt. No. 39 at 2.)

On February 13, 2026, the Court issued a robust order granting Defendant's motion to dismiss the original complaint and granted leave to amend only the ninth and twelfth causes of action for hostile work environment under Title VII and failure to accommodate under the Rehabilitation Act. (*See* 2/13/26 Order at 10.)

On March 22, 2026, Plaintiff filed her first amended complaint. (Dkt. No. 41.) On March 23, 2026, the Court issued an order requiring the parties to meet and confer "regarding the sufficiency of Plaintiff's first amended complaint prior to Defendant's filing of any response thereto" and advised the parties that it would be inclined to grant a request for leave to amend to give Plaintiff an opportunity to file a conforming pleading. (Dkt. No. 42 at 1-2.) The Court further advised Plaintiff that attempting to incorporate prior filings is not permitted under Civil Local

United States District Court
Northern District of California

United States District Court
Northern District of California

Rule 10-1, as "the amended complaint replaces all previous complaints, it must be complete and it may not refer to any prior filings." *Id.* at 1. The Court clarified that "[t]his requires that the amended complaint state all facts relevant to the underlying claims." *Id.* Plaintiff was again referred to the Federal Pro Bono Project's Help Desk to assist her in drafting the amended pleading. *Id.* at 2. After meeting and conferring, the parties stipulated to giving Plaintiff leave to amend, which was granted on April 3, 2026. (Dkt. No. 44.)

On May 1, 2026, Plaintiff filed her second amended complaint, which consisted of the original complaint and the first amended complaint, with all the original causes of action, and several pages of exhibits, even though her case had been narrowed to only two potential claims. (*See* Second Am. Compl., "SAC," Dkt. No. 46.) Additionally, since the documents were technically duplicates of prior filings, the Clerk's Office noted on the docket that they were duplicates. (*See* Dkt. No. 46.)

On June 15, 2026, Defendant filed a motion to dismiss, in which the agency argued that Plaintiff failed to cure the deficiencies previously noted by the Court and appeared to incorporate her prior complaints despite the Court having informed her that this was not permitted. (Def.'s Mot., Dkt. No. 47 at 2.) On June 30, 2026, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 48.) On July 6, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 49.)

On July 20, 2026, Plaintiff filed a document titled "Third Plaintiff Answer Opposition to Dismissal," which the Court will construe as a sur-reply. (Dkt. No. 50.) Plaintiff did not seek leave to file a sur-reply, so that filing is STRICKEN. In the future, Plaintiff is advised that she must seek leave of court pursuant to Civil Local Rule 7-11, and have her administrative motion granted, before filing a sur-reply to a pending motion.

On August 20, 2026, the Court held a hearing. (Minute Entry, Dkt. No. 52.) For the reasons stated on the record, the Court finds that Plaintiff's second amended complaint is deficient for the reasons set forth in Defendant's moving papers. Nonetheless, as explained to Plaintiff at the hearing, she has been granted one final opportunity to amend her complaint to conform with the Court's February 13, 2026 order (Dkt. No. 39). For that reason, Plaintiff is strongly advised to schedule an appointment with the Federal Pro Bono Help Desk by emailing fedpro@sfbar.org or

United States District Court
Northern District of California

calling (415) 782-8982.[1] While the attorneys cannot represent Plaintiff, they can review the February 13, 2026 order and advise on whether a potential third amended complaint is sufficiently pled. Plaintiff is reminded that she is not permitted to add any additional causes of action absent leave of court, such that the only causes of action in the third amended complaint are for (1) hostile work environment under Title VII and (2) failure to accommodate under the Rehabilitation Act. As discussed at the hearing, Plaintiff should draft an entirely new document and include the facts that she believes are relevant to her two claims, because the complaint must be complete in and of itself, and it may not refer to any prior filings. Plaintiff shall file her third amended complaint on or before **September 17, 2026**.

IT IS SO ORDERED.

Dated: August 27, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

[1] Appointments are available in-person, by telephone, and by Zoom.